UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
REILS FINANCE SPV,                                                :
:
Plaintiff,                                     :
:            22-CV-7280 (JMF)
-v-                                   :
:                 ORDER
CIP 1300 U STREET OWNER, LLC, and ROBERT W.   :
CLIPPINGER,                                                       :
:
Defendants.                                   :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On October 4, 2022, Plaintiff filed a motion for entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b). *See* ECF No. 20. A default judgment hearing is currently scheduled for November 10, 2022, at 4:30 p.m.

      "Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." *DeVito Verdi, Inc. v. Legal Sea Foods, Inc.*, No. 21-CV-1007 (MKV), 2021 WL 1600088, at *1 (S.D.N.Y. Apr. 23, 2021) (internal quotation marks omitted). The Amended Complaint in this case alleges that several of the members of Defendant CIP 1300 U Street Owner, LLC, are common law grantor trusts or, in one case, is a limited partnership, the sole partner of which is a trust called the Trietsch Family Survivor's Trust. ECF No. 10, ¶ 3, 5. For each of the trusts that are members of the defendant limited liability company, the Amended Complaint alleges the citizenship of the trustee(s). *Id.* ¶ 3. For the limited partnership, the sole partner of which is the Trietsch Family Survivor's Trust, the Amended Complaint alleges the residence of the trustee, but not his citizenship. *Id.* ¶ 5.

      As an initial matter, for the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g., Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). At a minimum, therefore, the Amended Complaint does not properly allege the citizenship of the trustee of the Trietsch Family Survivor's Trust and, therefore, has not properly alleged the citizenship of the Trust or the limited partnership of which it is the sole partner.

      In addition, the citizenship of a trust is not necessarily determined by the citizenship of its trustees; depending on the type of trust, its citizenship could also be determined by the

citizenship of its beneficial owners. *See, e.g., Americold Realty Trust v. Conagra Foods Inc.*, 577 U.S. 378, 382 (2016) (holding that, for a real estate investment trust established under Maryland law, the "members" of the trust for purposes of diversity jurisdiction include its shareholders); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017) (holding that for "traditional trusts, establishing only fiduciary relationships," the citizenship of the trust is determined by its trustees' citizenship).

In order to confirm that the Court has subject matter jurisdiction, no later than **November 9, 2022**, at **noon**, Plaintiff shall (1) submit a letter brief addressing whether the citizenship of the trusts that are members of the defendant limited liability company is properly determined by the citizenship of their trustee(s); and (2) amend the complaint to properly allege the citizenship of all parties.

SO ORDERED.

Dated: November 4, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge